### In re ROBINSON.

(District Court, W. D. Washington, N. D.    May 5, 1916.)

No. 5638.

BANKRUPTCY ⊂=116—MONEY IN CUSTODY OF COURT—AUTHORITY OF COURT.

The bankrupt and another were indicted for conspiracy to conceal assets from the trustee. Petitioner was arrested in another district, and at that time a sum of money was found upon his person, whereupon he consented to the forwarding of the money to the bankruptcy court, stating that, if it was decided in the bankruptcy proceedings the money belonged to the bankrupt, he was willing to relinquish it, but asserting that the money belonged to him. Thereafter petitioner filed in the bankruptcy proceedings a petition for delivery of the money to him, to which payment creditors objected. *Held* that, in view of Bankr. Act July 1, 1898, c. 541, §§ 60b, 67e, 70e, 30 Stat. 562, 564, 565 (Comp. St. 1913, §§ 9644, 9651, 9654), providing for vacation of preferences, for recovery of property transferred by the bankrupt within four months of bankruptcy, and for the avoidance of transfers which creditors might have avoided, the court of bankruptcy should retain the money until the right thereto was adjudicated, and the trustee should be required to join issue on the petition.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ⊂=116.]

In Bankruptcy. In the matter of the bankruptcy of J. B. Robinson. On petition of Louis Robinson for return of money in custody of court. Petition for immediate return denied, and trustee in bankruptcy directed to join issue thereon.

Philip Tworoger and Edward Judd, both of Seattle, Wash., for petitioner.

Leopold M. Stern, of Seattle, Wash., for creditors.

NETERER, District Judge. On March 29, 1916, the grand jury returned an indictment against J. B. Robinson and Louis Robinson on a charge of conspiracy to conceal assets from the trustee in bankruptcy of J. B. Robinson. Louis Robinson, the petitioner, was arrested in the Northern district of Illinois, and on petition for removal

⊂=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

waived examination and bond, and was directed returned to this district. About April 8th there was transmitted to the judge of this court a draft drawn by the Continental & Commercial National Bank of Chicago, on the National Bank of Commerce, of Seattle, Wash., dated March 27, 1916, numbered 39,245, and for the sum of $640, payable to the order of the clerk of the District Court of the United States, Western District of Washington, accompanied by a letter from Judge George A. Carpenter, District Judge for the Northern District of Illinois, in which the following appeared:

"The marshal found, as it is stated, sewed in Robinson's coat, $680. The attorneys for the creditors at Seattle asked me to impound the money. The prisoner also invited me to take charge of $640 of the money, saying that if the court in the bankruptcy proceedings decided the money belonged to the bankrupt he was perfectly willing to give it up, but insisted all of the time that it was his. The attorneys claimed that it was a part of the proceeds of goods of the bankrupt sold here. Of course, as to this I have no knowledge. The money was deposited with the clerk of the court, and I told Robinson it would be forwarded to your court to await disposition in due course of the bankruptcy proceedings. Accordingly I inclose draft. * * *"

The draft was delivered to the clerk of this court. On April 10th Louis Robinson filed a petition in the bankruptcy proceedings, in which it is stated that he was arrested in Chicago on the 22d day of March on the charge of conspiracy to conceal assets from the trustee, and that at the time of his arrest he had in his clothes $640 in money belonging to him, that the officers threatened to take the said money, and "that thereupon the petitioner delivered the said money to Hon. G. A. Carpenter, one of the Judges of the District Court for the Northern District of Illinois, with the request that the money be forwarded to the clerk of this court, to be delivered upon the petitioner's arrival, to him," and he further alleges that said money was forwarded and is now in the hands of the clerk of this court, and alleges that he is the sole owner of the money, that no other person has any interest therein either directly or indirectly, and prays an order of the court directing the clerk to pay said sum to the petitioner.

At the time the petition was presented to this court, attorneys representing the creditors in the bankruptcy proceedings appeared in court and objected to the payment of the money, claiming that it was a part of the estate of the bankrupt, and that an order should be entered directing the payment of it to the trustee in bankruptcy. A petition also was filed and presented at the time to the court, praying that the adjudication in bankruptcy be set aside. After hearing, the petition to set aside the adjudication was denied.

It appears from the record in this case that the petitioner voluntarily surrendered the money to the District Court for the Northern District of Illinois, saying that, "if the court in bankruptcy proceedings decided the money belonged to the bankrupt, he was perfectly willing to give it up." It is apparent from the entire record in this case that the petitioner did indicate a willingness that the right to this money should be adjudicated by the bankruptcy court. If this money is a part of the proceeds of merchandise of the bankrupt, and the petitioner conspired with the bankrupt to conceal this from the trustee in bankruptcy,

then the money clearly should not be returned to the petitioner, but should be ordered paid to the trustee in bankruptcy. If, on the other hand, the money is the property of the petitioner, and bears no relation to the merchandise of the bankrupt, then it should be paid to the petitioner. The money being in the custody of the court, it is clearly the duty of the court under the Bankruptcy Act (sections 60b, 67e and 70e) to retain the money until the right thereto is adjudicated. Collier on Bankruptcy (10th Ed.) page 487b.

The petition to return the money at this time is therefore denied. The trustee in bankruptcy is directed to join issue upon the petition which has been filed, so that the same may be determined, and show cause why said money should not be returned to the petitioner; the issue to be determined in due course, and such order made as the disclosed facts may justify.